```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| RAFIL DHAFIR,               ) | |
|                             ) | |
|       Plaintiff,            ) | |
|                             ) | No. 18-11848-MBB |
|       v.                    ) | |
|                             ) | |
| K. AKERS a/k/a KATHERINE    ) | |
| AKERS,                      ) | |
|                             ) | |
|       Defendant.            ) | |
|                             ) | |

## ORDER

**FEBRUARY 13, 2019**

**BOWLER, U.S.M.J.**

Plaintiff Rafil Dhafir ("Dhafir"), now confined to FMC Devens, moves for leave to proceed in forma pauperis, for an order for the United States Marshals Service to serve the defendant, and for the United States Marshals Service to ascertain the address of the defendant.  See Motion for Leave to Proceed in forma pauperis and to Direct Service of Process, ECF No. 14.  Attached to the motion is an affidavit in support and a prison account statement.

   1.  The stay is hereby LIFTED.

   2.  The Motion for Leave to Proceed in forma pauperis and to Direct Service of Process (ECF No. 14) is hereby ALLOWED in part.  Dhafir may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so,


the United States Marshals Service shall serve the summons, complaint, and this Order upon the defendant, in the manner directed by Dhafir, with all costs of service to be advanced by the United States.  Notwithstanding this Order to the United States Marshals Service, it remains Dhafir's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

The United States Marshals Service is not required to undertake to locate the defendant and that request is DENIED without prejudice.  However, in order to avoid unnecessary delay, and in recognition of the unique challenges faced by prisoner plaintiffs such as Dhafir, the Court will direct counsel for the United States to select one of two alternatives.

In the first instance, counsel for the United States may submit to the Court, ex parte and under seal, the last known home and/or employment addresses for the defendant.  The Court will then complete the service form and direct the United States Marshals Service to attempt service on the defendant at the address produced by the United States.  Alternatively, to the extent counsel for the United States also represents the defendant, he may (with defendant's permission) agree to accept

service on defendant's behalf, obviating the need to provide the address.

Based on the foregoing, it is hereby Ordered that counsel for the United States shall, within 14 days of the date of this Order, either: (1) provide under seal the defendant's home or work address at which defendant can be served; or, (2) notify the Court that counsel agrees to accept service on behalf of defendant K. Akers a/k/a Katherine Akers. Dhafir notes in his motion that the defendant's first name may be "Kimberly," and that up until two years ago she was employed by the United States Department of Justice, Federal Bureau of Prisons as the Supervisor of Education at FMC Devens. Dhafir believes she is still a federal employee, possibly with the department of Homeland Security.

**SO ORDERED.**

/s/ Marianne B. Bowler
_____
**MARIANNE B. BOWLER**
United States Magistrate Judge